Dorothy **CARLSON**, **Rosalie Espinosa,** **Christopher Mendenhall, Elizabeth Samuelson, Helen Stewart and all other persons similarly situated, Plaintiffs,**

v.

The **COCA–COLA COMPANY,** a Delaware corporation, and **Glendinning Companies, Inc.,** a Connecticut corporation, Defendants.

**Civ. No. C–70 1544.**

United States District Court, N. D. California.

Oct. 19, 1970.

Belli, Ashe, Ellison, Choulos, Lieff, San Francisco, Cal., for plaintiffs.

E. D. Bronson, San Francisco, Cal., for defendants.

Order Granting Defendants' Motion to Dismiss For Lack of Jurisdiction and Failure to State a Claim

GERALD S. LEVIN, District Judge.

This action arises from a Complaint filed herein on July 17, 1970, on behalf of certain named plaintiffs and the class of those similarly situated. The injuries alleged by plaintiffs stem from the failure of defendants to pay each of perhaps one million "winners" of a nationally-advertised game, "Big Name Bingo," the $100 promised by defendants for successfully completed Bingo game cards.

Plaintiffs allege that defendants committed unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce, all in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a) (1), by not accepting as winners those cards which did in fact have one correct answer for each question on the Bingo game card. Plaintiffs claim that defendants refused to certify as correct those cards with one correct answer for each question, and that defendants instead insisted (though not so required by their own rules) that a correct card was one which, in one instance, required two correct answers to a particular question.

The complaint states three causes of action: a federal claim said to arise under the Federal Trade Commission Act and of which this court is alleged to have jurisdiction by reason of 28 U.S.C. § 1337, and state claims for breach of contract and fraud, of which this court is alleged to have jurisdiction under either 28 U.S.C. § 1332 or pendent jurisdiction pursuant to the federal claim.

The dispositive issue here is whether this action "arises under" Section 5 of the Federal Trade Commission Act so as to give this court jurisdiction

786

of the matter under 28 U.S.C. § 1337. We hold it does not.

Plaintiff has labored to convince this court that the applicable law does not bar the plaintiffs' asserted ground for federal jurisdiction and that the question is one of standing rather than jurisdiction, but we regard the plaintiffs' position as unsound on both points. The case law and authorities following Moore v. New York Cotton Exchange, 270 U.S. 593, 603, 46 S.Ct. 367, 70 L.Ed. 750 (1926) make it clear that no private right of action lies under Section 5 of the Federal Trade Commission Act. Plaintiffs have not cited, nor has this court found, any case or authority whatsoever which supports plaintiffs' contentions here.

Moreover, even were this court to accept plaintiffs' characterization of the problem as one of standing rather than jurisdiction—a characterization with which this court is not in agreement—it must nonetheless follow that plaintiffs' claim must be dismissed for failure to state a claim upon which relief can be granted.

It is clear, too, that plaintiffs' state claims must likewise be dismissed. No jurisdiction over them exists under 28 U.S.C. § 1332 since the requisite amount in controversy has not been shown here, and Snyder v. Harris, 394 U.S. 1025, 89 S.Ct. 1622, 23 L.Ed.2d 50 (1969) establishes that the members of the class may not aggregate their claims here to meet the requirements of that section. Since this court is dismissing the federal claim, it is clearly inappropriate to hear the state claims under the theory of pendent jurisdiction. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, defendants' motion to dismiss plaintiffs' complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted are granted.

It is so ordered.